## STANDARD OIL CO. OF KENTUCKY v. SNYDER.

(Circuit Court of Appeals, Fifth Circuit. November 24, 1925.)

No. 4465.

Injunction ⟐136(2)—Interlocutory injunction to prevent erection of gasoline storage tanks opposite residential property held properly granted.

Owner of house worth about $15,000 in residential district of city *held* entitled to interlocutory injunction against erection of storage tanks for wholesale distribution of gasoline, kerosene, and oil on property immediately opposite and but 140 feet away, which would greatly increase fire hazard, and impregnate air with deleterious fumes; it appearing further that defendant had not obtained a proper permit.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit for injunction by W. L. Snyder against the Standard Oil Company of Kentucky. From a decree granting plaintiff an interlocutory injunction, defendant appeals. Affirmed.

Hughes Spalding, of Atlanta, Ga. (Morris, Hawkins & Wallace, of Marietta, Ga., and Spalding, MacDougald & Sibley, of Atlanta, Ga., on the brief), for appellant.

John E. Mozley, of Marietta, Ga. (Moz-ley & Gann and H. B. Moss, all of Marietta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This suit was originally filed in the superior court of Cobb county, Ga., by the appellee, and removed to the District Court for the Northern District of Georgia by the appellant, and is here on appeal from a decree ordering an interlocutory injunction to prevent appellant from erecting a number of storage tanks for wholesale distribution of gasoline, kerosene, and lubricating oils, together with a garage and barrel yard, immediately opposite the property owned by appellee. The material facts, as they appear from the bill and affidavits filed at the hearing, are these:

Plaintiff is the owner of a house on the south side of Kennesaw avenue, in the city of Marietta, Ga., in which he resides with his family. The place is worth about $15,000. Kennesaw avenue is a residential section of the city, and plaintiff was residing there long before defendant attempted to build its storage tanks. The distance from the tanks, when completed, to the residence, would be about 140 feet. There is great danger of fire in the neighborhood from the building and use of the tanks. The air would become impregnated with the fumes of gasoline and other oils, which would be deleterious to health. Plaintiff's home would become useless for residential purposes. Also it would appear that appellant had not secured a proper permit from the city authorities for the erection of the tanks.

On the facts before the court we think an interlocutory injunction was proper. Whether appellee, plaintiff in the suit, will be entitled to a final decree on a complete hearing of the case is a question with which we are not now concerned.

Affirmed.